IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                              Crim. No. 00-1015 JP

LUIS RAMON LOPEZ a/k/a
LOUIS SANTANA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On September 29, 2000, Defendant Lopez filed a Motion to Suppress Physical Evidence (Doc. No. 45). A hearing on the motion to suppress was held on March 15, 2001. Having considered the briefs, the relevant law, and the evidence presented at the hearing, I find that the motion to suppress should be denied.

Defendant Lopez seeks to suppress all physical evidence seized from his vehicle by law enforcement officers without a warrant on June 25, 2000 while he was in the Gila National Forest. Defendant Lopez argues that New Mexico State Police Officer Larry Blount lacked probable to search Defendant Lopez's vehicle. "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). A police officer may search a car without a warrant as long as he has probable cause to believe the car contains contraband. *Florida v. Meyers*, 466 U.S. 380, 381 (1984). "Probable cause to search a vehicle is established if, under the 'totality of the circumstances[,]' there is a 'fair probability' that the car contains contraband or evidence." *United States v. Nielsen*, 9 F.3d 1487, 1489-90 (10th Cir.

1993)(citation omitted).  For the reasons I stated on the record, I find that New Mexico State Police Officer Larry Blount had probable cause to search Defendant Lopez's vehicle.

Defendant Lopez also argues that he did not consent to a search of the vehicle.  The Government argues, however, that Jimmy Hinton had apparent authority to consent to a search of the vehicle.  The government has the burden of proof to show apparent authority.  *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). "[T]he Fourth Amendment is not violated when officers enter without a warrant when they reasonably, although erroneously, believe that the person who consents to their entry has the authority to consent to this entry." *United States v. Gutierrez-Hermosillo*, 142 F.3d 1225, 1230 (10th Cir.), *cert. denied*, 525 U.S. 900 (1998)(citing *Rodriguez*, 497 U.S. at 185-89).  The reasonableness of the officer's belief is determined by an objective test: "'[W]ould the facts available to the officer at the moment ... warrant a man of reasonable caution [to believe] that the consenting party had authority over the premises?'"  *Id*. (quoting *Rodriguez*, 497 U.S. at 188).  Stated another way, apparent authority "'applies to situations in which an officer would have had valid consent to search if the facts were as he reasonably believed them to be.'"  *United States v. Salinas-Cano*, 959 F.2d 861, 865 (10th Cir. 1992)(quoting *United States v. Whitfield*, 939 F.2d 1071, 1074 (D.C. Cir. 1991)).  For the reasons I stated on the record, I find that Jimmy Hinton had apparent authority to consent to a search of Defendant Lopez's vehicle.

IT IS ORDERED that Defendant Lopez's Motion to Suppress Physical Evidence (Doc. No. 45) is denied.

                                                  */s/ James A. Parker*
                                       CHIEF UNITED STATES DISTRICT JUDGE